**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LEGACY TRADING CO., LTD and | ) | |
| MARK USELTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-1383-M |
| | ) | |
| ROBERT HOFFMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are motions requesting confirmation or vacation of an arbitration award

[docket nos. 1, 6 and 8]. The Court notes that a response and reply have been filed to each motion.

Based upon the parties' submissions, the Court makes its determination.

I.    INTRODUCTION

From approximately October 2001 through March 2006, Robert Hoffman ("Hoffman")

performed securities trading services and was allegedly not fully paid for those services.  In

September 2006, Hoffman filed an arbitration claim against Legacy Trading Company, LLC[1], Mark

Uselton ("Uselton") and Stephen Boruchin[2] before the National Association of Securities Dealers,

Inc. ("NASD")[3].  In his arbitration claim, Hoffman asserted causes of action for breach of his

---

[1]The Court would note the discrepancy in the indicia of Legacy Trading Company as styled
in the Arbitration Award versus the instant cause of action.  In the Arbitration Award, the entity is
referenced as Legacy Trading Company, LLC.  In the instant cause of action, the aforementioned
is referenced as Legacy Trading Company, Ltd.  For the purposes of this cause of action, the Court
will refer to Legacy Trading Company, LLC and/or Legacy Trading Company, Ltd. as
"Broker/Dealer" and assume that the two entities represent the same.

[2]Stephen Boruchin is not a party to the instant action.

[3]In July 2007, the Financial Industry Regulatory Authority ("FINRA") was created through
the consolidation of the NASD and the member regulation, enforcement and arbitration functions

employment contract and for the non-receipt of commissions and sought compensatory damages in the amount of $248,000.00, plus attorney fees and costs.  The arbitration panel, after considering the pleadings, testimony, documentary evidence and arguments presented at the arbitration hearing, resolved that Broker/Dealer and Uselton would be held jointly and severally liable to Hoffman for the sum of $114,054.48 in compensatory damages.  Furthermore, the arbitration panel ordered that the parties each bear their own attorney fees and costs in the arbitration proceeding.

On or about November 2, 2007, the Broker/Dealer and Uselton filed a Petition to Vacate Arbitration Award and Motion with Supporting Brief to Vacate Arbitration Award against Hoffman in the District Court of Oklahoma County.  On December 6, 2007, the cause of action was removed to the United States District Court for the Western District of Oklahoma.  Furthermore, Hoffman now moves the Court through his Cross-Motion to confirm the arbitration award.

II.    STANDARD OF REVIEW

"Our review of the arbitration panel's decision under the [Federal Arbitration Act] is strictly limited; this highly deferential standard has been described as among the narrowest known to the law."  *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001) (internal citation and quotation marks omitted).  "[A] party...can ask a court to review the arbitrator's decision, but the court will set that decision aside only in very unusual circumstances."  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995).

"Mindful of the strong federal policy favoring arbitration, a court may grant a motion to vacate an arbitration award only in the limited circumstances provided in § 10 of the [Federal Arbitration Act], 9 U.S.C. § 10, or in accordance with a few judicially created exceptions."  *Bowen*,

of the New York Stock Exchange.  The NASD is now known as FINRA.

254 F.3d at 932.  Pursuant to the Federal Arbitration Act ("FAA"), there are four statutory grounds

upon which an arbitration award may be vacated:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.  The district court may also rely on "a handful of judicially created reasons...to vacate

an arbitration award, and these include violations of public policy, manifest disregard of the law, and

denial of a fundamentally fair hearing."  *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001).

It is well-established "that where arbitration is contemplated the courts are not equipped to

provide the same judicial review given to structured judgments defined by procedural rules and legal

principles. Parties should be aware that they get what they bargain for and that arbitration is far

different from adjudication."  *Bowen*, 254 F.3d at 936.  As a result, "[a] party attacking the legality

of an arbitration award provided for within a contract has the burden of sustaining such an attack....

Courts are, expectedly, justified in exercising great caution when asked to set aside an arbitration

award, which is the product of the theoretically informal, speedy and inexpensive process of

arbitration, freely chosen by the parties."  *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th

Cir. 1982).

III.     DISCUSSION

A.       Plaintiffs' Petition to Vacate Arbitration Award

In their petition, plaintiffs set forth four reasons underlying their request that the Court vacate the arbitration award.  First, plaintiffs argue the arbitrators' decision which is completely against the clear evidence and sworn testimony presented at the arbitration hearing shows that there was evident partiality against the Broker/Dealer and Uselton.  Second, plaintiffs argue the arbitrators' decision is in violation of the clear public policy of Oklahoma.  Third, plaintiffs argue the arbitrators exceeded their power because they did not have jurisdiction over Uselton, since there was no basis for him to be included in the arbitration proceeding.  Finally, plaintiffs argue the arbitrators exceeded their power by rendering a decision that is repugnant to Oklahoma law and the public policy of this state.[4]        1.       Evident Partiality

Plaintiffs first assert that neither Uselton nor the Broker/Dealer could have been a party to any agreement with Hoffman.  Rather, Boruchin is alleged to have made an oral agreement with Hoffman concerning the division of trading profits on his own behalf.  Allegedly, the results of this arrangement provided Boruchin 50% of the profits and Hoffman 50% of the profits, while the Broker/Dealer was used as the conduit for their trading activities.  Because Hoffman's arbitration claim against the Broker/Dealer, Uselton and Boruchin was premised upon the alleged unpaid compensation related to the agreement between Boruchin and Hoffman, and Broker/Dealer did not profit from this arrangement, plaintiffs contend there can be no legal agreement where consideration

---

[4]In their petition, Broker/Dealer and Uselton assert that Hoffman has failed to present a record sufficient to evaluate their claims by failing to provide the Court with a transcript of the arbitration hearing.  However, the Court granted a series of time extensions to Hoffman whereby the transcript was eventually produced and submitted, in part, to the Court.  The Court, therefore, finds this issue is moot.

4

was not made to either the Broker/Dealer or Uselton.

Furthermore, it is argued that Uselton was not a signatory on the Broker/Dealer's bank account; so, he could not have written a check to Hoffman, if Hoffman was owed anything. Nonetheless, the arbitration panel made an award against Uselton.  "However, it is only clear evidence of impropriety which justifies the denial of summary confirmation of an arbitration award. For an award to be set aside, the evidence of bias or interest of an arbitrator must be direct, definite and capable of demonstration rather than remote, uncertain or speculative." *Ormsbee Dev. Co.*, 668 F.2d at 1147.

Having reviewed the parties' submissions, the Court finds there is no basis in the record for such a finding of evident partiality.  The Broker/Dealer and Uselton have merely asserted that the panelists ignored the legal authorities and testimony presented at the arbitration hearing, and concluded that "obvious prejudice is the only plausible result."  These conclusory allegations, however, do not establish any dealings, personal interests or relationships which sufficiently establish that the arbitration panel was biased.  Because plaintiffs failed to meet their burden in this regard, the Court rejects plaintiffs' first basis for vacating the arbitration award.

## 2. Public Policy Exception

Plaintiffs next assert that the arbitrators' decision violates the clear public policy of Oklahoma by creating an explicit conflict with settled law and legal precedent.  Specifically, plaintiffs assert that Legacy is divided into two entities: the Broker/Dealer and the holding company. The Broker/Dealer is a member of FINRA as a securities broker/dealer while the holding company is not a member of FINRA.  First, plaintiffs contend that FINRA has no jurisdiction over the holding company because this entity is not a member.  Secondly, plaintiffs contend it is the holding company

which paid all compensation to Hoffman, rather than the Broker/Dealer.  Plaintiffs state that the arbitration decision effectively created a contractual obligation between Hoffman and the Broker/Dealer when no contract exists, and this emasculates Oklahoma law.

Plaintiffs also contend that the arbitration panel completely ignored the legal authorities presented in their motion to dismiss and at the arbitration hearing.  Prior to the arbitration hearing, the Broker/Dealer and Uselton entered a limited appearance and filed a motion to dismiss the arbitration claims against them.  While plaintiffs state that the arbitration panel acknowledged that a motion to dismiss was filed, no decision was made on the motion.  Therefore, a violation of public policy allegedly resulted when the Broker/Dealer was forced to arbitration pursuant to the FINRA dispute resolution process.

Furthermore, plaintiffs assert that a corporate shield exists between Uselton, a member of the Broker/Dealer, and the Broker/Dealer itself, an Oklahoma limited liability company.  By ignoring the separate legal status of the Broker/Dealer apart from Uselton, the arbitration panel is said to have blatantly disregarded Oklahoma's general corporation laws.  Purportedly, Uselton is an improper party to Hoffman's claim because the arbitration panel had no jurisdiction over Uselton to decide the matter.

Additionally, plaintiffs assert that the oral agreement between Boruchin and Hoffman violated Oklahoma's Statute of Frauds because the agreement was not to be performed within one year.  Thus, the arbitration panel's refusal to properly consider the Statute of Frauds argument is alleged to be in violation of public policy.

"The public policy exception is rooted in the common law doctrine of a court's power to refuse to enforce a contract that violates public policy or law.  It derives legitimacy from the public's

interest in having its views represented in matters to which it is not a party but which could harm the public interest." *Seymour v. Blue Cross/Blue Shield*, 988 F.2d 1020, 1023 (10th Cir. 1993). The Supreme Court has "cautioned, however, that a court's refusal to enforce an arbitrator's *interpretation* of such contracts is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 43 (1987) (emphasis in original) (internal citation and quotations omitted).

As regards the public policy exception, two points follow from the Supreme Court's precedence in *W.R. Grace & Co. V. Rubber Workers*, 461 U.S. 757, 766 (1983):

> First a court may refuse to enforce a collective-bargaining agreement when the specific terms contained in that agreement violate public policy. Second, it is apparent that our decision in that case does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy. Although we discussed the effect of that award on two broad areas of public policy, our decision turned on our examination of whether the award created any explicit conflict with other laws and legal precedents rather than an assessment of general considerations of supposed public interests. At the very least, an alleged public policy must be properly framed under the approach set out in *W.R. Grace*, and the violation of such a policy must be clearly shown if an award is not to be enforced.

*Seymour*, 988 F.2d at 1023 (internal quotation omitted). "[I]n determining whether an arbitration award violates public policy, a court must assess whether the specific terms contained in [the contract] violate public policy." *Id.*

Having reviewed the parties' submissions, the Court holds that plaintiffs have not established a public policy violation sufficient to overturn the arbitrators' award. Under the public policy standard articulated above, the arbitration panel's decision in favor of Hoffman does not violate a

clearly expressed law.  Taking each argument in turn, plaintiffs cannot establish specific contractual terms which violate public policy when their position is that no contract was formed at all. Furthermore, the single statute cited by plaintiffs concerning their violation of public policy argument states every arbitration proceeding must be conducted subject to the public policy of this state.  *See* Okla. Stat. tit. 12, § 1855(A).  The Court finds, however, that plaintiffs have not met their burden because the Court would have to rely on generalized principles of contract law and Oklahoma's general corporate laws to find for plaintiffs on this basis.  Plaintiffs have not submitted legal precedents or clearly expressed laws for the Court's review on either contract law or corporate law, and, therefore, the Court rejects this basis for vacating the arbitration award.

Furthermore, the Court rejects plaintiffs' Statute of Frauds argument for vacating the arbitration award.  Pursuant to Oklahoma law, contracts that are for an indefinite duration are not subject to the Statute of Frauds.  *See Krause v. Dresser Indus., Inc.*, 910 F.2d 674, 679 (10th Cir. 1990).  In this case, the Court finds that no contract term was specified and could not, therefore, violate either the Statute of Frauds or public policy.  Furthermore, the Court finds the Broker/Dealer and Uselton waived the affirmative defense of the Statute of Frauds when they filed their motion to dismiss without raising this issue.  Accordingly, the Court denies vacation of the arbitration award on this basis.

The Court also declines to vacate the arbitration award on the basis of the motion to dismiss. An arbitration panel has full discretion in deciding procedural and substantive motions.  *See Sheldon*, 269 F.3d at 1206 (observing that "a NASD arbitration panel has full authority to grant a pre-hearing motion to dismiss with prejudice based solely on the parties' pleadings so long as the dismissal does not [violate public policy]").  The Court finds that plaintiffs had an opportunity to

fully brief the motion to dismiss, and there is no indication that the arbitration panel violated clearly expressed law during the arbitration proceeding.[5]   Instead, plaintiffs have made conclusory arguments without citing legal authority or a sound argument explaining with supporting facts how the arbitration panel violated public policy.   Furthermore, arbitration is an alternative forum governed to a large extent by its own principles, and not limited by the rules of evidence, the rules of law, or even the canons of construction in the reading of documents.   In handling an arbitration proceeding, an arbitrator need not follow all the niceties observed by federal courts.   Therefore, given the inherent fact that arbitration proceedings are more informal and designed to be expedited, the Court concludes that the instant motion to dismiss is not a proper basis to vacate an arbitration award as a violation of public policy.   Accordingly, the Court rejects plaintiffs' second ground for vacating the arbitration award.

3.     Exceeded Their Powers

Plaintiffs next advance two arguments contending the arbitrators exceeded their powers. First, plaintiffs assert that the arbitration panel did not have jurisdiction over Uselton, since there was no basis for him to be included in the arbitration proceeding.   Secondly, plaintiffs assert the arbitrators exceeded their power by rendering a decision that is repugnant to Oklahoma law and the public policy of this state.

As set forth above, an arbitration award may be vacated where the arbitrators exceed their powers or so imperfectly execute them that a mutual, final, and definite award upon the subject matter submitted was not made.   *See* 9 U.S.C. § 10(a)(4).   Pursuant to FINRA's procedural rules,

---

[5]The Court would note that while plaintiffs contend that the arbitration panel did not rule on the motion to dismiss, Hoffman asserts that the arbitration panel did rule on plaintiffs' motion to dismiss.

"the arbitrator shall be empowered to award any relief that would be available in a court of law."

*Sheldon*, 269 F.3d at 1206.  Having reviewed the parties' submissions, the Court finds that the

arbitration panel's broad grant of authority should include decisions concerning jurisdiction over

a party and decisions of law, even if those decisions are later found to be erroneous.  Furthermore,

the Court finds the evidence lacking to permit a confident conclusion about whether the arbitrators

exceeded their powers.  It is also undisputed that a mutual, final, and definite award upon the subject

matter submitted was made.  Because any doubts concerning the extent of arbitrable issues should

be decided in favor of arbitration, the Court rejects plaintiffs' third and fourth grounds for vacating

the arbitration award.

4.   <u>Manifest Disregard of the Law</u>

In their reply, plaintiffs submitted further grounds in support of vacating the arbitration

award pursuant to the judicially created exception of a manifest disregard of the law.  Plaintiffs first

assert that the arbitration panel's award shows a manifest disregard for undisputed evidence to the

extent that there was no meaningful hearing, and, therefore, due process was violated.  Furthermore,

plaintiffs allege the arbitrators' decision shows a manifest disregard of settled applicable laws.

In order to demonstrate that the arbitrator both recognized and ignored the applicable law,

"there must be some showing in the record, other than the result obtained, that the arbitrator knew

the law and expressly disregarded it".  *Advest, Inc. v. McCarthy*, 914 F.2d 6, 10 (1st Cir. 1990)

(internal citation and quotation omitted).  The demand for a showing in the record sets up a high

hurdle for a plaintiff to clear, because where arbitrators do not explain the reasons justifying their

award, "appellant is hard pressed to satisfy the exacting criteria for invocation of the doctrine." *Id.*

"In fact, when the arbitrators do not give their reasons, it is nearly impossible for the court to

10

determine whether they acted in disregard of the law." *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 747 (11th Cir. 1988).

"The courts which have recognized the manifest disregard of the law standard define it as necessarily meaning more than error or misunderstanding with respect to the law." *Id.* Furthermore, the manifest disregard standard has been characterized as willful inattentiveness to the governing law. *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001).

In this case, plaintiffs assert that the arbitrators failed to consider the applicable law because they never ruled on their motion to dismiss. Having reviewed the parties' submissions, the Court finds that this argument is inconclusive as only selected portions of the arbitration transcript was submitted to the Court for review. Therefore, plaintiffs have not met their burden in establishing that the arbitrators knew of the law concerning the motion to dismiss and expressly disregarded the same.

Next, plaintiffs argue that the arbitration panel's conclusion that Broker/Dealer and Uselton are contractually liable to Hoffman in the absence of either consideration or compensation plainly contradicts the evidence as well as the law, and, therefore, the arbitration panel acted in manifest disregard of the law. Specifically, plaintiffs argue the only way the arbitration panel could have found both Uselton and the Broker/Dealer liable is if the basic tenants of corporate, business and contract law were completely disegarded. The Court, however, having reviewed the parties' submissions, finds that plaintiffs failed to make a sufficient showing that the arbitrators acted in manifest disregard of the law. The arbitrators' decision fails to provide any explanation for their conclusion that plaintiffs are liable to Hoffman. It is well-settled, however, that arbitrators are not required to explain their reasons for an award. Furthermore, the absence of express reasoning by

the arbitrators does not support the conclusion that they disregarded the law.  "In fact, when the arbitrators do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law."  *O.R. Sec., Inc.*, 857 F.2d at 747.  Plaintiffs may not seek to vacate an arbitration award on the grounds of manifest disregard of the law by merely objecting to the results of the arbitration.  "To do so would result in relitigation of the claim, in violation of the basic purposes of arbitration: a fast, inexpensive resolution of claims."  *Id.*  Because plaintiffs have failed to point to anything in the record, other than the results obtained, that the arbitrators knew the law and expressly disregarded it, the Court rejects this ground for vacating the arbitration award.

Plaintiffs also argue that their due process rights were violated in manifest disregard of the law.  Specifically, plaintiffs contend that an unfair arbitration hearing was had on the basis that the arbitrators blatantly ignored settled law and flagrantly ignored clear facts in this arbitration.  Although plaintiffs assert their due process argument pursuant to the manifest disregard of the law standard, the Court will review the instant argument pursuant to both the manifest disregard of the law standard and the fundamental fairness standard.

Having reviewed the parties' submissions pursuant a manifest disregard of the law standard, the Court finds that plaintiffs have not met their burden in establishing that their due process rights were violated.  Specifically, plaintiffs have merely pointed to the results obtained in support of their argument that the arbitrators knew the law and blatantly disregarded it.  This assertion, however, does not provide the requisite showing to support the vacation of the arbitration award on the basis of a manifest disregard of the law.

Moreover, an arbitration panel must conduct itself in a manner which does not deny a party fundamental fairness.  *See Sheldon*, 269 F.3d at 1206.  "[A] fundamentally fair [arbitration] hearing

requires only notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers". *Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1013 (10th Cir. 1994).  Having reviewed the parties' submissions, the Court finds that plaintiffs were provided with a fundamentally fair arbitration proceeding in that they were provided with the opportunity to fully brief and argue various matters before the arbitration panel.  There is no indication that the arbitration panel engaged in any misconduct in conducting the arbitration proceeding.

Accordingly, the Court rejects plaintiffs' basis for vacating the arbitration award.

B.      Defendant's Cross-Motion to Confirm Arbitration Award

Hoffman moves to confirm the arbitration award, citing 9 U.S.C. § 9.  That section of the FAA provides, in pertinent part:

> If the parties in their agreement have agreed that a judgement of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

As plaintiffs have not demonstrated a basis for vacating, modifying or correcting the arbitration award, the Court finds it should be confirmed.

C.      Attorney Fees

Hoffman also request the Court award him attorney fees incurred in this proceeding.  In their submissions, plaintiffs did not address whether Hoffman is entitled to an award of attorney fees. Pursuant to Oklahoma statute, "[a] court may allow reasonable costs of the motion and subsequent

13

judicial proceedings." Okla. Stat. tit. 12, § 1876(B).  Upon review of the parties' submissions, the Court, in its discretion, denies Hoffman's request for an award of attorney fees.

IV.     UNDERLINE CONCLUSION

        For the foregoing reasons, plaintiffs' Petition to Vacate Arbitration Award [docket no. 1] is DENIED, and defendant's Cross-Motions to Confirm Arbitration Award [docket nos. 6 and 8] are GRANTED.  Furthermore, defendant's request for attorney fees is DENIED.

        **IT IS SO ORDERED this 18th day of August, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

14