**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LEGACY TRADING CO., LTD., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-07-1383-M |
| ) | |
| ROBERT HOFFMAN, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

Before the Court is Plaintiffs' Motion for Reconsideration [docket no. 27], filed August 28, 2008. No response was filed. Based upon plaintiffs' submission, the Court makes its determination.

Plaintiffs move the Court to reconsider its August 18, 2008 Order denying a petition to vacate an arbitration award and granting a cross-motion to confirm arbitration award. "Grounds warranting a motion to [reconsider] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* A motion for reconsideration is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

In support of their submission, plaintiffs assert that the Court misapprehending the facts, the position of plaintiff and/or the controlling law relating to evident partiality. Specifically, plaintiffs allege that the authorities relied upon and the rationale expressed by the Court is based upon a

misapprehension of the facts to the effect that the arbitration agreement was bargained for and freely chosen by the parties. Plaintiffs contend, to the contrary, they were forced to submit to compulsory arbitration as a mandatory prerequisite to becoming a securities dealer for the National Association of Securities Dealers ("NASD"), not the Financial Industry Regulatory Authority ("FINRA"). Plaintiffs further assert that the Court misapprehended the position of plaintiffs and/or the controlling law relating to manifest disregard of the law and due process. Specifically, plaintiffs allege that FINRA, by compelling arbitration, rather than making arbitration a voluntary decision, has negatively affected plaintiffs right to pursue a chosen trade or profession.

Having carefully reviewed plaintiffs' motion, the Court finds no grounds which warrant reconsideration in the case at bar. Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. First, the Court finds that plaintiffs have submitted no evidence indicating that a change occurred in the controlling law. In fact, plaintiffs themselves indicated in a prior submission that "[w]e could not find any reported cases from the Tenth Circuit, interpreting the NASD Rules, that distinguish the method by which district courts review voluntary and mandatory arbitration matter." *See Plaintiffs' Combined Reply and Response*, at 6 [docket no. 24]. Secondly, the Court finds that plaintiffs have not offered new evidence previously unavailable. In some instances, the Court finds that plaintiffs merely advanced arguments which could have been raised when the prior motion was briefed. Thirdly, the Court finds no need to correct clear error or manifest injustice. Specifically, the Court did not misapprehend the facts, it did not misapprehend either party's position, and it did not misapprehend the controlling law. In some instances, furthermore, the Court finds that plaintiffs have merely revamped arguments which previously failed.

Accordingly, the Court denies the instant motion to reconsider.

**IT IS SO ORDERED this 8th day of December, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE